UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. LEMELLE,

Plaintiff,

v.

DR. NGUYEN, et al.,

Defendants.

Case No. 25-cv-02166 BLF (PR)

**AMENDED ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against staff at Salinas Valley State Prison ("SVSP") where he is currently incarcerated. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   **Plaintiff's Claims**

Plaintiff claims that in August 2022, he suffered a torn rotator cuff in his right shoulder. Dkt. No. 1 at 4. He experienced severe pain and limited mobility and filed medical grievances seeking treatment, including an MRI. *Id.* From April 2023 through December 2024, Plaintiff sought treatment for the injury but experienced delays and denials; he eventually experienced trouble with his left shoulder as well. *Id.* at 4-10. He spoke with Defendants Nurse Thorne, Nurse Ortiz, and Sgt. Selby on separate occasions, and he alleges they played "gatekeeper" in preventing him from seeing his PCP (primary care provider). *Id.* at 11. Plaintiff also claims Defendant Dr. Nguyen, his PCP, acted with deliberate indifference to his serious medical needs when he repeatedly refused to see and examine Plaintiff, as well as delaying and denying treatment. *Id.* Plaintiff claims Defendant Scott Langevine, the Chief Medical Officer at SVSP, acted with deliberate indifference when he failed to respond reasonably to Plaintiff's complaints of being denied medical care. *Id.* at 12. Plaintiff alleges that due to Defendants' actions, he suffered pain, discomfort, trouble sleeping, lack of mobility and possibly lifelong handicap. *Id.* These allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).

Plaintiff also claims Defendants Ortiz and Selby violated the Eighth Amendment

2

when Defendant Ortiz showed Sgt. Selby his medical records without his permission and conspired to lie to Plaintiff in an attempt to make him leave his medical appointment without an examination. Dkt. No. 1 at 12. However, these allegations, even if true, do not state an Eighth Amendment claim for deliberate indifference. With regard to the disclosure of his medical records, Plaintiff appears to be asserting a violation of the Health Insurance Portability and Accountability Act (HIPPA). However, HIPPA does not provide a private right of action. *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). A prisoner therefore has no private cause of action under HIPPA. *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010). Nor does a prisoner have a "constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate interest in access to them." *Id.* at 534. Lastly, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). As such, Plaintiff cannot state a separate Eighth Amendment claim against Defendants Ortiz and Selby based on a conspiracy. Accordingly, leave to amend shall not be granted with respect to these claims because it is not factually possible for Plaintiff to cure these deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002)

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Dr. Nguyen, CME Scott Langevine, Nurse Thorne, Nurse Ortiz, and Sgt. Selby. All other claims are DISMISSED with prejudice for failure to state a claim.

2. The following defendants shall be served at Salinas Valley State Prison:

    a. **Dr. Nguyen**

    b. **Scott Langevine, Chief Medical Officer**

      c.      **Nurse Thorne**

      d.      **Nurse Ortiz**

      e.      **Sgt. Selby**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

      3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a.      Any motion for summary judgment shall be supported by adequate

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

        4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 47 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

        5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

        6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

        7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** __July 24, 2025_____

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dism & Service
PRO-SE\BLF\CR.25\02166LeMelle_svc